TATE, Justice.
The defendant appeals from a conviction of armed robbery, La.R.S. 14:64, and a sentence to twenty years’ imprisonment at hard labor. He relies upon five assignments of error, all directed at trial court rulings sustaining state objections to defense questioning of witnesses.
We find no reversible merit to any of the assignments, for the following reasons:
Assignments 1 and 2: The trial court did not err in holding to be irrelevant as character evidence, in a prosecution for armed robbery, the details of the duties of a trustee-inmate of a prison and his freedom from guard in the performance of his duties. La.R.S. 15:479, 480.
Assignment 3: No abuse is shown of the trial court’s discretion to curtail the defendant’s repetitious examination of witnesses concerning matters thoroughly explored by the defendant’s earlier extensive cross-examination of the same witnesses. La.R.S. 15:275; State v. Batiste, 318 So.2d 27 (La.1975); State v. Scott, 278 So.2d 121 (La.1973).
Assignment 4: The trial court did not err in sustaining state objections to (what were in the context of the preceding interrogation) leading questions propounded by defense counsel to a defense witness. La.R.S. 15:277; McCormick on Evidence, Section 6 (2d ed., 1972).
Assignment 5: In introductory examination of the accused by his counsel, he was permitted to testify as to his marital status and parenthood and to his consistent employment for the three years preceding the offense charged. The state’s objection was sustained to the further defense ques *1173 tion as to whether the accused was on relief.
In the context of the preceding examination, the probable purpose of the question was in aid of establishing the defendant’s good character. We find no error in the trial court’s upholding the state’s technical objection to the evidence sought, on the ground of its lack of materiality for the purpose offered.

Decree

Accordingly, we affirm the conviction and sentence.
AFFIRMED.